IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 02-08915-GP3-11 |
| AMERICAN HOMEPATIENT, INC., ) | Jointly Administered |
| et al., ) | Chapter 11 |
| Debtors. ) | |

## APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE § 327(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF HARWELL HOWARD HYNE GABBERT & MANNER, P.C., AS COUNSEL FOR DEBTORS

American HomePatient, Inc. (a Delaware corporation) and 24 of its subsidiaries and affiliates, as debtors and debtors in possession (collectively the "Debtors" or the "Company"), request the Court approve the employment and retention of Harwell Howard Hyne Gabbert & Manner, P.C. ("H3GM") as counsel for Debtors. In support thereof, the Debtors respectfully represent as follows:

1. Pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States District Court for the Middle District of Tennessee, this Court has jurisdiction to hear this Application. Pursuant to 28 U.S.C. § 157 (b)(2)(A) and (O), this Application presents a core proceeding.

2. The Debtors filed Voluntary Petitions for relief under Chapter 11, Title 11, United States Code, in the United States Bankruptcy Court for the Middle District of Tennessee. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors are operating their businesses and managing their property as Debtors-in-Possession. No trustee or examiner has been appointed.

3. By this Application, the Debtors seek to employ H3GM, attorneys duly admitted to practice in this Court, as counsel for the debtors-in-possession.

215211 - 1

4. Applicants have selected this firm because Applicants believe it to be well qualified to represent them in their cases.

5. The professional services to be provided by H3GM include rendering legal advice to the Debtors with respect to their powers and duties in the management of their property and assets; preparing on behalf of the Debtors necessary applications, complaints, answers, motions, orders, reports, plans, disclosure statements, and other documents; representing the Debtors at hearings, proceedings, meetings, and other matters in this Court and before other tribunals and administrative agencies; facilitating filings and other activities in Nashville, Tennessee; and performing any and all other legal services for the Debtors that may be necessary or appropriate herein.

6. It is necessary for the Debtors to employ attorneys for such professional services.

7. Your applicants desire to employ H3GM under a general retainer because of the extensive legal services required. Your applicants wish to retain said firm, subject to court approval, on the basis of its standard hourly rates, as same may be periodically adjusted, which at present are as follows:

| | |
|---|---|
| Principals | $225.00 - $350.00 per hour |
| Associates | $130.00 - $185.00 per hour |
| Law Clerks | $80.00 - $100.00 per hour |
| Paralegals | $85.00 - $110.00 per hour |

8. In addition to seeking payment for such hourly charges, H3GM will charge for all reasonable expenses actually incurred on behalf of the Debtors, con[sistent with its normal]

facsimile charges, hand delivery and other delivery charges, travel expenses, computerized research, and photocopying charges.

9. Debtors request authority to compensate H3GM according to the Interim Payment Procedure described more fully in the Motion for an Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331 establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, filed contemporaneously herewith. H3GM holds a retainer of $250,000.

10. To the best of Debtors' knowledge, H3GM has no conflict in representing the Debtors and has had no interests adverse to the Debtors, their estate or their equity security holders. Prior to the filing of the Debtors' voluntary petitions, H3GM served as primary counsel to the Debtors, which included providing legal services in transactional, litigation, general corporate, certain health care, and operational matters. During the one year prior period to the filing of these cases, H3GM was paid $365,698.15 in connection with work related to the preparation for filing these cases and was paid $925,856.09 in connection with other legal work performed for the Debtors. Mark Manner, a principal of H3GM, formerly served as a director of American HomePatient, Inc., a Delaware Corporation and is a small shareholder of that company. Barbara D. Holmes was a senior attorney with the United States Trustee's office before she joined H3GM on September 9, 1997. Except as disclosed herein and in the Affidavit of Glenn B. Rose attached hereto as Exhibit A, H3GM has no other known connections with the Debtors, creditors, any other parties-in-interest, the United States Trustee, or any person employed in the office of the United States Trustee.

11. To the best of the Debtors' knowledge, H3GM does not hold or represent any interest adverse to the Debtors' estates, is a disinterested person as that phrase is defined in 11

215211 - 1    3

U.S.C. § 101(14), and such employment is necessary and in the best interests of the Debtors and their estates.

WHEREFORE, the Debtors respectfully request the entry of and Order authorizing the Debtors to employ and appoint the firm of H3GM as attorneys of record to represent the Debtors in their Chapter 11 cases.

Date: July 31, 2002.

AMERICAN HOMEPATIENT, INC.,
a Delaware Corporation

By: _____

Respectfully Submitted:

**HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.**

By: _____
Craig V. Gabbert, Jr.
Glenn B. Rose
Barbara D. Holmes
315 Deaderick Street, Suite 1800
Nashville, TN 37238
(615) 256-0500- Telephone
(615) 251-1058- Facsimile

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AMERICAN HOMEPATIENT, INC., ) | Case No. _____ |
| *et. al.*, ) | Jointly Administered |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | |

## AFFIDAVIT OF GLENN B. ROSE

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

The undersigned, Glenn B. Rose, hereby makes solemn oath that:

1. He is an attorney duly admitted to practice in the State of Tennessee and in the United States Bankruptcy Court for the Middle District of Tennessee and is a principal in the firm of Harwell Howard Hyne Gabbert & Manner, P.C. ("H3GM").

2. H3GM maintains an office for the practice of law at 315 Deaderick Street, Suite 1800, Nashville, Tennessee 37238.

3. The only known connections H3GM has with the Debtors are that (1) H3GM has provided legal services to the Debtors in numerous and various matters for several years prior to the filing of their petitions; (2) Mark Manner, a principal in H3GM, formerly served as a Director of American HomePatient, Inc. ("AHP"), a Delaware corporation; and (3) Mr. Manner is the owner of 47,000 shares of common stock of AHP and of 83,000 options to purchase shares of AHP common Stock. The options to purchase 24,000 of these shares are without value as the exercise price on them exceeds $20.00 per share. The exercise prices on the other 59,000 of the other options are at various prices under $2.00 per share. Mr. Manner's ownership interest in AHP represents less than 0.3%

of the outstanding shares of common stock. Effective upon Mr. Manner's resignation from the Board, he was quarantined on all legal matters relating to the Debtors pursuant to H3GM's established policy. Mr. Manner has not worked on any legal matters related to the filing, or preparation for filing, of these cases.

4. H3GM has no known connections to any creditors of the Debtors, or their respective attorneys or accountants, except that H3GM may have, from time to time, represented a party that is a creditor on matters unrelated to the Debtors. H3GM will not represent any creditors or parties in interest, other than the Debtors, in this bankruptcy proceeding.

5. H3GM has no connection with the United States Trustee or any person employed in the office of the United States Trustee, other than Barbara D. Holmes, who was a senior attorney with the United States Trustee before joining this firm on September 9, 1997.

6. To the best of my knowledge and belief, H3GM does not represent an interest adverse to the above named Debtors, the debtors-in-possession, or their estates, in the matters upon which it will be engaged.

7. The anticipated compensation to H3GM is as set forth in the Debtors' application, subject to approval by the Court.

_____
Glenn B. Rose

Sworn to and subscribed
before me this 31 day
of July, 2002.

_____
Notary Public
My Commission Expires: __My Commission Expires MAY 28, 2003__

215330 - 1                                2