IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 02-08915-GP3-11 |
| AMERICAN HOMEPATIENT, INC., ) | Jointly Administered |
| *et al.*, ) | Chapter 11 |
| Debtors. ) | |

## APPLICATION FOR EMPLOYMENT AND RETENTION OF DIX & EATON INCORPORATED AS PUBLIC RELATIONS CONSULTANTS FOR DEBTORS

American HomePatient, Inc. (a Delaware corporation) and 24 of its subsidiaries and affiliates, as debtors and debtors in possession (collectively the "Debtors" or the "Company"), request the Court approve the employment and retention of Dix & Eaton Incorporated ("Dix & Eaton") as Public Relations Consultants for Debtors (the "Application"). In support of this Application, the Debtors respectfully represent as follows:

### I. JURISDICTION

1. Pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference of the United States District Court for the Middle District of Tennessee, the Court has jurisdiction to hear this Application. Pursuant to 28 U.S.C. § 157(b)(2)(A), this Application presents a core proceeding.

### II. BACKGROUND

2. On July 31, 2002, the Debtors filed voluntary petitions for relief under Chapter 11, Title 11, United States Code in the United States Bankruptcy Court for the Middle District of Tennessee. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors-in-possession. No trustee or examiner has been appointed.

3. A motion to have the cases jointly administered has been filed.

298244-1

## III. RELIEF REQUESTED

4. By this application, the Debtors seek to employ and retain Dix & Eaton as public relations consultants to provide public relations services effective as of the Petition Date. The Debtors seek to retain Dix & Eaton as public relations consultants because of Dix & Eaton's experience in the field of public relations and because of Dix & Eaton's familiarity with the Debtors' operations and public relations needs as a result of services provided to the Debtors prior to the filing of these cases. Kevin Donahue, a managing director of Dix & Eaton, has executed a declaration in support of this Application (the "Declaration"), which is attached as Exhibit A hereto.

5. The Debtors believe that it would be most efficient and in the best interest of their estates that Dix & Eaton be retained, pursuant to Section 327(a) of the Bankruptcy Code, to perform the public relations services that will be necessary during the pendency of these jointly administered Chapter 11 cases, as more fully described herein. The Debtors believe that Dix & Eaton is well-qualified to provide these services.

6. The professional services to be rendered by Dix & Eaton include without limitation the following:

    a. assistance with preparation of media materials, including without limitation, local and national press releases and media lists;

    b. assistance with preparation of materials for corporate and employee meetings regarding the initial chapter 11 filing and periodic updates during the pendency of these cases;

    c. assistance with preparation of correspondence to management and staff, regulators, suppliers and vendors, and community and political leaders concerning the initial chapter 11 filing and periodic updates during the pendency of these cases;

298244-1

d.  preparation of responses to frequently asked questions, information for key notification calls, instructions and talking points for employee, vendor and customer communications; and

e.  other public relations services as may be necessary to assist the Debtors.

7.  The Debtors believe employment of Dix & Eaton to provide public relations consultation and services is in the best interest of the estate. Dix & Eaton has provided such consultation and services to the Debtors prior to the filing of these case and is, therefore, familiar with the Debtors' business and public relations needs and can render such services with substantially greater effectiveness than other public relations firms.

8.  Subject to this Court's approval, Dix & Eaton will charge for its services as follows:

| | |
|---|---|
| Managing Directors | $ 230 – 275 per hour |
| Other Account Executive Services | $ 200 – 235 per hour |
| Research Services | $ 75 – 125 per hour |
| Client Administrative Services | $ 62.50 per hour |

The Dix & Eaton team that is anticipated to be primarily responsible for this engagement includes Jeffrey Linton, Kevin Donahue, Christine Cote and Gregg LaBar. These individuals will be supported by other employees of the firm. Dix & Eaton holds no retainer for this engagement, however, it was paid $ 77,748.52 plus expenses for work performed and expenses incurred prepetition. The Debtors believe that the proposed rates are reasonable. The Debtors expect to pay for Dix & Eaton's services pursuant to the requirements of the Bankruptcy Code, the Bankruptcy Rules, local rules of this Court, and any orders entered in these cases.

9.  In addition to seeking payment for such hourly charges, Dix & Eaton will charge for all reasonable expenses actually incurred on behalf of the Debtors, consistent with its normal practices. These expenses and charges include: telephone charges, mail and express mail charges,

298244-1

facsimile charges, hand delivery and other delivery charges, travel expenses, computerized research, and photocopying charges.

10. To the best of the Debtors' knowledge, the connections of Dix & Eaton to the Debtors, their creditors, equity security holders, or any other parties-in-interest, or their respective and accountants, the United States Trustee, and any person employed in the Office of the United States Trustee are as stated herein and in the attached Declaration.

11. To the best of the Debtors' knowledge, and except as otherwise disclosed in the attached Verified Statement, Dix & Eaton does not hold or represent any interest adverse to the Debtors' estates and such employment is necessary and in the best interests of the Debtors and their estates.

WHEREFORE, the Debtors respectfully request the entry of an Order authorizing the Debtors to employ Dix & Eaton as public relations consultants for the Debtors on the terms and conditions described herein and such other relief as may be necessary and appropriate.

Date: July 31, 2002.

Respectfully submitted,

**HARWELL HOWARD HYNE GABBERT & MANNER, P.C.**

By: _____
Craig V. Gabbert, Jr.
Glenn B. Rose
Barbara D. Holmes
315 Deaderick Street
Nashville, TN 37238
(615) 256-0500-Telephone
(615) 251-1058-Facsimile

Attorneys for the Debtors

298244-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. _____ |
| AMERICAN HOMEPATIENT, INC., et al. ) | Jointly Administered |
| ) | Chapter 11 |
| Debtors. ) | |

### DECLARATION AND DISCLOSURE STATEMENT OF
### PUBLIC RELATIONS CONSULTANTS DIX & EATON INCORPORATED

STATE OF OHIO )
COUNTY OF CHYAHOGA )

I, Kevin Donahue, hereby declare under penalty of perjury, as follows:

1. I am a managing director of the firm of Dix & Eaton Incorporated ("Dix & Eaton"), which maintains offices at 1301 East 9th Street, Suite 1300, Cleveland, Ohio 44114-1820. I am duly authorized to execute this Affidavit on behalf of Dix & Eaton in support of the Application of the Debtors to Employ and Retain Dix & Eaton as Pubic Relations Consultants (the " Application").

2. I am not, and to the best of my knowledge no other member of Dix & Eaton, is a relative, as the term is defined in Section 101(39) of the Bankruptcy Code, 11 U.S.C. § 101(39), of any judge of the United States Bankruptcy Court for the Middle District of Tennessee.

3. I do not represent, and to the best of my knowledge no other member of Dix & Eaton represents an interest adverse to the Debtors' estates, except that Dix & Eaton has on unrelated matters represented the following creditors of the Debtors: _____none_____. Dix & Eaton has not represented the above creditors in connection with the Debtors or these bankruptcy proceedings.

**EXHIBIT A**

298056-1

4. Except for retention of Dix & Eaton prior to the filing of these cases to provide the services described in the Application, neither I, nor Dix & Eaton, nor any member or employee thereof insofar as I have been able to ascertain, has any connection with the Debtors, any insiders of the Debtors as the term is defined in 11 U.S.C. § 101(31)(B), or any other party of interest herein or their respective attorneys.

5. Based on the knowledge available to it as of the date of execution of this Declaration, Dix & Eaton believes it is a "disinterested person" with no conflict of interest existing that would preclude representation of the Debtors in these cases and that the retention of Dix & Eaton would be in the best interests of the Debtors and their creditors.

6. No promise has been received by Dix & Eaton as to compensation in connection with these cases other than on the terms set forth in the Application. Dix & Eaton has no agreement with any other entity to share with such entity compensation received by it in connection with these cases.

7. Dix & Eaton intends to apply to the Court periodically for approval and allowance of compensation for professional services rendered and reimbursement of disbursements made in connection with these cases.

8. As of the date of the filing of the petition in these cases, the Debtors were not indebted to Dix & Eaton.

9. Subject to the Court's approval, Dix & Eaton intends to charge the Debtors pursuant to the terms set forth in the Application.

_____
Kevin Donahue