IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

------------- x
: 
In re: : Chapter 11
:
AMERICAN HOMEPATIENT, INC., et : Case No. 02-08915-GP3-11
al., :
: Jointly Administered
Debtors. :
:
------------- x

## APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM (ILLINOIS) AND AFFILIATED LAW PRACTICE ENTITIES AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

The Official Committee of Equity Security Holders (the "Equity Committee") in the above-captioned chapter 11 cases applies (the "Application") for an order pursuant to section 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, substantially in the form attached hereto as Exhibit A, approving the Equity Committee's employment of Skadden, Arps, Slate, Meagher & Flom (Illinois) and its affiliated law practice entities (collectively, "Skadden, Arps") as its attorneys. In support of this application, the Equity Committee relies on the Affidavit and Statement of George N. Panagakis, sworn to April 2, 2003 (the "Panagakis Declaration," a copy of which is attached to this Application as Exhibit B). In further sup-

1110

port of this application, the Equity Committee represents as follows:

**BACKGROUND**

1. On July 31, 2002, (the "Petition Date"), the Debtors each filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Specifically, on January 2, 2003, the Debtors and the Unsecured Creditors' Committee filed the Second Amended Joint Plan of Reorganization Proposed by the Debtors and the Official Unsecured Creditors Committee (Docket No. 849) (the "Joint Plan"). The Joint Plan provides for existing equity security holders to retain 100% of their equity interests.

3. On January 3, 2003, Bank of Montreal as administrative agent for the prepetition lenders filed the *Motion to Determine Interest of Shareholders* (Docket No. 854) (the "Determination Motion") which, if granted, could result in the existing equity interests in the Debtors being extinguished. As a result of the filing and potential

2

consequences of such motion, the United States Trustee determined to form an official equity committee. Accordingly, on March 12, 2003, pursuant to 11 U.S.C. § 1102(a), the Office of the United States Trustee appointed a three member Equity Committee consisting of the following members: (i) Ian Gewirtz, (ii) Alpine Associates, L.P., and (iii) Loeb Partners Corporation. On March 13, 2003, the Equity Committee met by telephone and elected Kenneth Grossman of Alpine as chair of the Equity Committee.

### Retention of Skadden, Arps

4. The Equity Committee respectfully submits that it will be necessary to employ and retain counsel pursuant to 11 U.S.C. § 1103(a) to perform the following services, among others:

(a) advising the Equity Committee with respect to its rights and duties;

(b) assisting and advising the Equity Committee in its discussion with the Debtors and other interested parties regarding the remaining administration of these cases;

(c) representing and advising the Equity Committee in connection with the Joint Plan, any other plan of reorganization proposed in these cases, any objections to any such plans, and the plan confirmation process generally;

(d) advising the Equity Committee with respect to matters raised in the Determination Motion, including preparing a response, conducting any nec-

essary discovery and appearing before the Court with respect thereto;

(e) representing the Equity Committee at hearings to be held before this Court and communicating with the Equity Committee regarding the matters heard and the issues raised as well as the decisions and considerations of this Court;

(f) reviewing and analyzing pleadings, orders, schedules, and other documents filed and/or to be filed with this Court by interested parties in this case; advising the Equity Committee as to the necessity, propriety, and impact of the foregoing upon this case; and consenting or objecting to pleadings or orders on behalf of the Equity Committee, as appropriate;

(g) prepare on behalf of the Equity Committee all motions, applications, answers, orders, reports and papers necessary to the protection of its interests and the administration of the estates;

(h) assisting the Equity Committee in coordinating the receipt and dissemination of pleadings, correspondence and other information as to matters raised in these cases;

(i) assisting the Equity Committee generally in performing such other services as may be desirable or required for the discharge of the Equity Committee's duties pursuant to section 1103 of the Bankruptcy Code.

5. The Equity Committee believes that Skadden, Arps' knowledge of and extensive experience in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code, makes Skadden, Arps well qualified to represent it in these cases.

6. Upon information and belief, the members and associates of Skadden, Arps do not have any connection with the Debtors, their creditors or any other party in interest, or its respective attorneys, except as set forth in the Panagakis Declaration. However, Skadden, Arps is a large firm with an international practice and may represent or may have represented certain of the Debtors' creditors or equity holders in matters unrelated to this case. The Equity Committee is satisfied that Skadden, Arps represents no adverse interest to the Equity Committee which would preclude it from acting as counsel to the Equity Committee in matters upon which it is to be engaged and that Skadden, Arps' employment will be in the best interest of the estates.

7. The Equity Committee believes it is imperative to employ attorneys to render the professional services described in this Application, and that, without such professional assistance, neither the Equity Committee's evaluation of the activities of the Debtors and their creditors, nor its meaningful participation in the confirmation of a plan of reorganization would be possible.

8. Because of the interests of the equity security holders' in these cases, particularly given that the

5

prepetition lenders' have directly challenged such interest by filing the Determination Motion, as well as complex legal issues that may be necessary in these cases, the Equity Committee believes that the employment of Skadden, Arps for all of the Equity Committee's purposes would be appropriate and in the best interests of the interested parties that the Equity Committee represents.

### Connection With Parties In Interest On Unrelated Matters

9. The Panagakis Declaration contains information available to date on Skadden, Arps' connections with other parties in interest. Based on the information in that Declaration, the Equity Committee submits that Skadden, Arps and the attorneys in the firm are "disinterested persons" as that term is used in Bankruptcy Code § 101(14).

### Compensation

10. Skadden, Arps intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, as well as such procedures as were fixed by the Court in its Administrative Order Pursuant to Bankruptcy Code § 331 Establishing Procedures for Interim Compensation and Reim-

bursement of Expenses of Professionals (Docket No. 39). In addition, the Equity Committee believes that it is appropriate that Skadden, Arps be included within the professional fees and expenses carve out as set forth in the Agreed Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection (Docket No. 323).

11. The current internal hourly time charges for Skadden, Arps professionals and para-professionals are set forth in the Panagakis Declaration. These hourly charges are the same for bankruptcy and for non-bankruptcy matters and are subject to periodic increases in general and for particular professionals in the normal course of Skadden's business, the latter often due to the increased experience of the particular professional.

12. The Equity Committee believes that the rates and charges described above are reasonable and appropriate in this case.

### Retention As Of March 14, 2003

13. The Equity Committee further requests that Skadden, Arps' retention be approved *nunc pro tunc*, effective as of March 14, 2003.

14. As of that date, several matters in which the Equity Committee has an interest required immediate

attention, including (i) the Determination Motion, and (ii) the Second Amended Joint Plan of Reorganization Proposed by the Debtors and the Official Unsecured Creditors Committee and objections thereto. In addition, it was necessary for Skadden, Arps to immediately commence preparations for an April 23, 2003 confirmation hearing in these cases. Accordingly, Skadden, Arps' immediate and continued services have been essential.

15. The Equity Committee has determined to retain Bowen, Riley, Warnock & Jacobson, PLC ("Bowen, Riley") as Nashville, Tennessee co-counsel to the Equity Committee in these cases. Although it will inevitably be necessary for Skadden, Arps and Bowen, Riley to consult with respect to these Chapter 11 cases, the Equity Committee will use its best efforts, and encourage Skadden, Arps and Bowen, Riley to use their best efforts, to avoid any unnecessary duplication of effort.

16. The Equity Committee believes that Skadden, Arps' employment is in the best interest of these estates and necessary for the Equity Committee to function in these cases and should therefore be approved.

WHEREFORE, the Equity Committee requests that the Court enter an order under Bankruptcy Code § 1103, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1: (i) approving this Application in all respects; (ii) approving the Equity Committee's employment of Skadden, Arps as its attorneys, effective as of March 14, 2003, to perform the services set forth above; and (iii) granting the Equity Committee such other relief as is just and appropriate.

DATED: April 4, 2003
Nashville, Tennessee

THE OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS

By: Kenneth Grossman
(Alpine Associates)

*Kenneth Grossman* / by *Gregory S Reynolds*
As Chairperson on behalf of *with permission*
the Equity Committee

9

SUBMITTED BY:

    Bowen, Riley, Warnock & Jacobson, PLC

*[signatures]*

Steven A. Riley
Greg Reynolds
1906 West End Avenue
Davidson County
Nashville, TN 37203
Telephone: (615) 320-3700
Facsimile: (615) 320-3737

*- and -*

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM (ILLINOIS)
George N. Panagakis
Patrick J. Nash, Jr.
333 West Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:
AMERICAN HOMEPATIENT, INC., et.al

CASE NO: 02-08915
Jointly Administered

## NOTICE

One or more of the attachment(s) referred to in this document was either not available in an electronic format, too voluminous to scan into an electronic format, or could not be scanned because of the type of attachment.

You may purchase a copy of the document from Summit Copy Service of Nashville, Tennessee 37219, 615-251-0070.

You may view the document at the Bankruptcy Court during normal business hours.