

2003 MAY -9 PM 3: 37

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

```
- - - - - - - - - - - - - - -  x
                               :
In re:                         :   Chapter 11
                               :
AMERICAN HOMEPATIENT, INC.,    :   Case No. 02-08915-GP3-11
et al.,                        :
                               :   Jointly Administered
            Debtors.           :
                               :
- - - - - - - - - - - - - - -  x
```

APPLICATION FOR AN ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF MORGAN JOSEPH &
CO. INC. AS FINANCIAL ADVISORS FOR
THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

The Official Committee of Equity Security
Holders (the "Equity Committee") in the above-captioned
chapter 11 cases applies (the "Application") for an
order, substantially in the form attached hereto as
Exhibit A, pursuant to section 1103 of the Bankruptcy
Code and Federal Rule of Bankruptcy Procedure 2014,
approving the Equity Committee's employment of Morgan
Joseph & Co. Inc. ("Morgan Joseph") as its financial
advisor. In support of this application, the Equity
Committee relies on the Declaration and Statement of Seth
E. Lemler, sworn to May 9, 2003 (the "Lemler Declara-
tion," a copy of which is attached to this Application as
Exhibit B). In further support of this application, the
Equity Committee represents as follows:

1271

## BACKGROUND

1. On July 31, 2002, (the "Petition Date"), the Debtors each filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Specifically, on January 2, 2003, the Debtors and the Unsecured Creditors' Committee (the "Creditors' Committee") filed the Second Amended Joint Plan of Reorganization Proposed by the Debtors and the Official Unsecured Creditors Committee (Docket No. 849) (the "Joint Plan"). The Joint Plan provides for existing equity security holders to retain 100% of their equity interests.

3. On January 3, 2003, Bank of Montreal as administrative agent for the prepetition lenders filed the *Motion to Determine Interest of Shareholders* (Docket No. 854) (the "Determination Motion") which, if granted, could result in the existing equity interests in the Debtors being extinguished. As a result of the filing

and potential consequences of such motion, the United States Trustee determined to form an official equity committee. Accordingly, on March 12, 2003, pursuant to 11 U.S.C. § 1102(a), the Office of the United States Trustee appointed a three member Equity Committee consisting of the following members: (i) Ian Gewirtz, (ii) Alpine Associates, L.P., and (iii) Loeb Partners Corporation. On March 13, 2003, the Equity Committee met by telephone and elected Kenneth Grossman of Alpine as chair of the Equity Committee.

4. The Court conducted a confirmation hearing with respect to the Joint Plan from April 23, 2003 through April 30, 2003. The Court has taken the ruling on the Joint Plan under advisement.

### Retention of Morgan, Joseph

5. The Equity Committee respectfully submits that it will be necessary to employ and retain a financial advisor pursuant to 11 U.S.C. § 1103(a) to perform the following services, among others:

(a) advising the Equity Committee and its other retained advisors with respect to various financial matters;

(b) advising the Equity Committee and its other retained advisors in connection with the Joint Plan, any other plan of reorganization proposed in these cases and any objections to any such

3

services, equity and debt private placements, equity research and high yield sales and trading.

7. The Equity Committee believes that Morgan Joseph's knowledge of and experience in investment banking and restructuring advisory services makes Morgan Joseph well qualified to represent it in these cases. Additionally, the Equity Committee has been advised by Morgan Joseph that it will endeavor to coordinate with the other retained professionals in these bankruptcy cases to eliminate unnecessary duplication or overlap of work.

8. Upon information and belief, the members and associates of Morgan Joseph do not have any connection with the Debtors, their creditors or any other party in interest, or its respective attorneys, except as set forth in the Lemler Declaration. However, Morgan Joseph is a large firm with a national practice and may represent or may have represented certain of the Debtors' creditors or equity holders in matters unrelated to this case. The Equity Committee is satisfied that Morgan Joseph represents no adverse interest to the Equity Committee which would preclude it from acting as financial advisor to the Equity Committee in matters upon

which it is to be engaged and that Morgan Joseph's employment will be in the best interest of the estates.

9.    The Equity Committee believes it is imperative to employ financial advisors to render the professional services described in this Application, and that, without such professional assistance, neither the Equity Committee's evaluation of the activities of the Debtors and their creditors, nor its meaningful participation in the confirmation of a plan of reorganization would be possible.

10.    Because of the interests of the equity security holders' in these cases, particularly given that the prepetition lenders' have directly challenged such interest by filing the Determination Motion, as well as complex legal issues that may be necessary in these cases, the Equity Committee believes that the employment of Morgan, Joseph for all of the Equity Committee's purposes would be appropriate and in the best interests of the interested parties that the Equity Committee represents.

### Connection With Parties In Interest On Unrelated Matters

11.    The Lemler Declaration contains information available to date on Morgan Joseph's connections

with other parties in interest.  Based on the information in that Declaration, the Equity Committee submits that Morgan Joseph and its professionals are "disinterested persons" as that term is used in Bankruptcy Code § 101(14).

## Compensation

12.  As more fully described in the Engagement Letter, the Equity Committee has been advised that fees for services rendered in these cases will be as follows: $175,000 for the first month and $100,000 for each month thereafter.

13.  Morgan Joseph also will seek reimbursement for reasonable out-of-pocket expenses, and other fees and expenses.  Morgan Joseph will follow its customary expense reimbursement guidelines and practices in seeking expense reimbursement from the Debtors.

14.  In addition, the Equity Committee and Morgan Joseph believe that it is appropriate that Morgan Joseph have the same indemnification rights as McDonald Investment, Inc., the Creditors' Committee's financial advisor, and Houlihan Lokey Howard & Zukin Capital, the Debtors' financial advisor, as set forth in the orders authorizing their retention, Docket Nos. 164 and 157 respectively.  Specifically, the proposed order authoriz-

ing the Equity Committee's retention of Morgan Joseph authorizes Morgan Joseph, upon notice, to request that the Court authorize the Debtors to indemnify Morgan Joseph, and preserves the right of any interested party to object to such request.

15.  The hours worked, the results achieved and the ultimate benefit to the Equity Committee of the work performed by Morgan Joseph in connection with its engagement may vary and the Equity Committee and Morgan Joseph have taken this into account in setting the above fees. The compensation structure described above was established to induce Morgan Joseph to do business with the Equity Committee in bankruptcy.

16.  The Debtors acknowledge and agree that Morgan Joseph's restructuring expertise, as well as its capital markets knowledge, financing skills and mergers and acquisitions capabilities, some or all of which may be required by the Equity Committee during the term of Morgan Joseph's engagement, were important factors in determining the amount of the monthly fee set forth in the Engagement Letter and that the ultimate benefit to the Equity Committee of Morgan Joseph's services likely could not be measured merely by reference to the number

of hours to be expended by Morgan Joseph's professionals in the performance of such services.

17. As set forth in the Lemler Declaration, Morgan Joseph has not shared or agreed to share any of its compensation from the Equity Committee with any other persons, other than a managing director, professional or employee of Morgan Joseph, as permitted by section 504 of the Bankruptcy Code.

18. The Equity Committee wishes to employ and retain Morgan Joseph on the terms and conditions set forth in the Engagement Letter, which the Equity Committee believes to be reasonable based on the customary compensation charged by comparably skilled practitioners in cases under chapter 11, as well as cases other than chapter 11 cases.

**Retention As Of March 27, 2003**

19. The Equity Committee further requests that Morgan Joseph's retention be approved *nunc pro tunc*, effective as of March 27, 2003.

20. As of that date, several matters in which the Equity Committee has an interest required immediate attention, including (i) the Determination Motion, and (ii) the Second Amended Joint Plan of Reorganization

Proposed by the Debtors and the Official Unsecured Creditors Committee and objections thereto. In addition, it was necessary for Morgan Joseph to immediately advise the Equity Committee and its legal counsel in connection with an April 23, 2003 confirmation hearing in these cases. Accordingly, Morgan Joseph's immediate and continued services have been essential.

21. The Equity Committee believes that Morgan Joseph's employment is in the best interest of these estates and necessary for the Equity Committee to function in these cases and should therefore be approved.

22. Any delay in the Equity Committee seeking authorization to employ and retain Morgan Joseph was occasioned by the large number of complex issues that the Equity Committee and its advisors had to get up to speed on in a relatively short period of time, and while attending more than ten depositions and a confirmation hearing in these cases. The Equity Committee moved quickly to understand the circumstances, issues and dynamics of this restructuring, and the assistance of Morgan Joseph in this regard was invaluable. In addition, Morgan Joseph has had numerous conversations with the financial advisors for both the Debtors and the Lenders regarding a potential consensual resolution of these

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                              CASE NO: 02-08915
AMERICAN HOMEPATIENT, INC., et.al          Jointly Administered

## NOTICE

One or more of the attachment(s) referred to in this document was either not available in an electronic format, too voluminous to scan into an electronic format, or could not be scanned because of the type of attachment.

You may purchase a copy of the document from Summit Copy Service of Nashville, Tennessee 37219, 615-251-0070.

You may view the document at the Bankruptcy Court during normal business hours.